Docket No. **20-55445, 20-56324**

# *In the*
# UNITED STATES COURT OF APPEALS
# *For the*
# NINTH CIRCUIT

| | |
|---|---|
| WENDY GISH, et al. | Case No. **20-55445, 20-56324** |
| Plaintiffs and Appellants, | District Court Case # 5:20-00755-JGB-KK |
| vs. | CENTRAL DISTRICT OF CALIFORNIA |
| GAVIN NEWSON, in his official capacity as Governor of California, et al. | |
| Defendant and Appellee. | |

**APPELLEE COUNTY OF RIVERSIDE'S ANSWERING BRIEF and JOINDER TO ANSWERING BRIEFS FILED BY THE STATE OF CALIFORNIA AND COUNTY OF SAN BERNARDINO**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, # 5:20-00755-JGB-KK
HON. JESUS G. BERNAL, Presiding

1

JAMES E BROWN
Assistant County Counsel

RONAK N. PATEL
Deputy County Counsel

KELLY A. MORAN
Supervising Deputy County Counsel

Office of County Counsel, Riverside
3960 Orange Street, Suite 500
Riverside, CA 92501
Telephone: (951) 955-6300

*Attorneys for Defendants-Appellees*
CAMERON KAISER, GEORGE JOHNSON, CHAD BIANCO; KEVIN JEFFRIES; KAREN SPIEGEL, CHUCK WASHINGTON, V. MANUEL PEREZ, and JEFF HEWITT

# TABLE OF CONTENTS

|   | Page(s) |
|---|---|
| TABLE OF CONTENTS ................................................................... | 3 |
| TABLE OF AUTHORITIES ............................................................. | 4 |
| I. INTRODUCTION .................................................................. | 5 |
| II. JOINDER ................................................................................ | 5 |
| III. STATEMENT OF JURISDICTION .............................................. | 6 |
| IV. ARGUMENT ........................................................................... | 7 |
|     A. This Appeal is Moot ............................................................ | 7 |
|     B. The Exceptions to Mootness Do Not Apply ..................... | 8 |
| V. CONCLUSION ...................................................................... | 9 |
| CERTIFICATION OF SERVICE.......................................................... | 10 |
| CERTIFICATE OF COMPLIANCE ................................................. | 11 |

# TABLE OF AUTHORITIES

**Cases**

*Board of Trustees of Glazing Health and Welfare Trust v. Chambers*,
 941 F.3d 1195 (9th Cir. 2019) .................................................................. 6, 8, 9

*Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 482-483 (1990) ......................................7

*Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011) ..........................7

*Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) .......................................7, 8

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89 (1998) ..............6

**Rules**

Federal Rule of Appellate Procedure 28(i) ...............................................................5

## I.   INTRODUCTION

This Court is no stranger to First Amendment litigation arising from COVID-19 orders issued by the state, regional and local government in California. This case, however, is unique in that the Riverside County Defendants-Appellees[1] ("Riverside County") do not have any active COVID-19 public health orders in place, and have not had any such restrictions in place for over seven months. Without these orders, there is no live controversy and this case is moot. As such, this Court should dismiss this appeal as moot.

## II.   JOINDER

Pursuant to Federal Rule of Appellate Procedure 28(i), Riverside County joins in the Answering Briefs filed by the State of California of behalf of Defendants-Appellees Governor Gavin Newsom and Attorney General Xavier Becerra and Defendants-Appellees County of San Bernardino. Additionally, Riverside County, along with the other Defendants-Appellees, have already substantively briefed this matter in Ninth Circuit Case No. 55445. As such, Riverside County respectfully incorporates argued raised in the briefs therein, while also providing pertinent argument on the appeal at hand.

---

[1] Riverside County Defendant-Appellees, CAMERON KAISER, GEORGE JOHNSON, CHAD BIANCO; KEVIN JEFFRIES; KAREN SPIEGEL, CHUCK WASHINGTON, V. MANUEL PEREZ, and JEFF HEWITT

## III. STATEMENT OF JURISDICTION

If an appeal is moot, the appellate court lacks jurisdiction and the appeal should be dismissed. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89 (1998). An appeal is moot where subsequent legislation or rulemaking supersedes the challenged regulations and there is no reasonable expectation, in the record of the case, that the legislation will be reenacted. *Board of Trustees of Glazing Health and Welfare Trust v. Chambers*, 941 F.3d 1195 (9th Cir. 2019).

Here, Appellants' appeal against Riverside County is moot because there has been a subsequent change in the challenged public health order. In April 2020, Riverside County issued three public health orders ("Riverside Orders") in an attempt to stop the spread of COVID-19. 4-ER-655. Just weeks later, in order to better align itself with the State, the Riverside Orders were rescinded by Riverside County. 1-ER-7; Riverside County's Mot. for Judicial Notice Ex. 1. The Riverside Orders were the only Riverside action challenged by the Appellants in their Complaint. 6-ER-1058. In light of the subsequent change in the local legislation or rule, there is no longer any order that binds the Appellants. As such, this Court lacks jurisdiction as to Riverside County and the appeal should be dismissed as moot.

## IV. **ARGUMENT**

A. This Appeal is Moot

First, and foremost, Appellants expressly acknowledge that Riverside County rescinded its orders. *See*, Dkt. 20, p.18. As such, there are Riverside County orders that impact the Appellants. The doctrine of mootness is established in Article III of the United States Constitution's case or controversy requirement and mandates that an actual, ongoing controversy exist at all stages of federal court proceedings. *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011). A change in the applicable law or regulatory framework "is usually enough to render a case moot, even if the [government possesses the power to reenact the [law] after the lawsuit is dismissed. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014)(internal quotation marks omitted). Here, Appellants' Complaint seeks declaratory and injunctive relief against an order that was rescinded seven months ago and has not been reenacted. As such, the District Court did not err by dismissing Appellants' Complaint as moot against Riverside County.

It should also be noted that where, as here, "the mootness is attributable to a change in the legal framework governing the case," the appropriate action is for the Court to "remand for further proceedings in which the parties may, if necessary, amend their pleadings or develop the record more fully. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 482-483 (1990). In this case, the District Court provided

Appellants an opportunity to amend their complaint, but Appellants refused to do so. 1-ER-9-14. Instead, Appellants stubbornly filed a Motion for Reconsideration that was properly denied by the District Court. 1-ER-4

Without any actual, live orders from Riverside County, there remains no relief that this Court can meaning fully afford to Appellants in this appeal. As such, the appeal is moot.

### B. The Exceptions to Mootness Do Not Apply

Neither the "voluntary cessation" nor the "capable of repetition, yet evading review" exceptions to mootness apply to this case. As explained above, a change in the governing law or regulatory framework is sufficient to render a case moot "even if the [government] possesses the power to reenact the [law] after the lawsuit is dismissed." *Rosebrock*, 745 F.3d at 971. Indeed, there is a presumption that a change in legislation will "render an action challenging the legislation moot" unless there is a reasonable expectation found in the record, that the legislative body will reenact the legislation. *Bd. of Trustees of Glazing Health*, 941 F.3d at 1198-1199.

Appellants have not pointed to any evidence in the record demonstrating that Riverside County's Orders will be reimposed. In fact, in an attempt to create an illusion of potential reenactment, Appellants cite to a "promise" to enforce the State's COVID-19 restrictions. See, Dkt. 20, p.34; Exhibit "7" to Appellant's

8

Request for Judicial Notice. The alleged "promise", however, is nothing more than a press release from May 8, 2020 wherein Riverside County Board of Supervisors voted to rescind its public health orders and align with the state stay at home order. In reality, the press release supports Riverside's position that there is no active public health order. Moreover, there is no actual evidence in the record to support Appellants' contention that Riverside County may reenact its public health orders.

Finally, logic dictates that if the County were to reimpose its order, it would have done so in the midst of the current increase in cases throughout the State. Despite this surge, Riverside has not re-imposed its public health orders and there is no evidence in the record to suggest that it will do so. As such, rendering an opinion concerning speculative events would be advisory, and as such, improper. *Bd. of Trustees of Glazing Health*, 941 F.3d at 1199 (requiring that a reasonable expectation that the challenged law will be reimposed by demonstrated by evidence in the record, "rather than on speculation alone").

## V. CONCLUSION

For all of the foregoing reasons, the Riverside County Appellees respectfully request that dismiss Appellants' appeal as moot.

Dated: January 7, 2021 By: /s/ Ronak N. Patel

                                                                    Ronak N. Patel, SBN 249982
                                                                    3960 Orange Street, Suite 500
                                                                    Riverside, CA 92501
                                                                    *Attorneys for Defendants-Appellees*

## **CERTIFICATION OF COMPLIANCE**

I hereby certify that the foregoing Answering Brief complies with the type-volume limitation of Fed. R. App. P. 27 because it contains 1056 words. This Response complies with the typeface and type style requirements of Fed. R. App. P. 27 because this brief has been prepared in a proportionally spaced typeface using Word 14-point Times New Roman typeface.

Dated: January 7, 2021

By: /s/ Ronak N. Patel
Ronak N. Patel, SBN 249982
3960 Orange Street, Suite 500
Riverside, CA 92501
Telephone: (951) 955-6300

*Attorneys for Defendants-Appellees*

## **CERTIFICATION OF SERVICE**

I hereby certify that on January 7, 2021, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. All participants in this case are registered CM/ECF users and will be served by the appellate CM/ECF system. There are no unregistered participated.

Dated: January 7, 2021

                                          By: /s/ Ronak N. Patel
                                                Ronak N. Patel, SBN 249982
                                                3960 Orange Street, Suite 500
                                                Riverside, CA 92501
                                                Telephone: (951) 955-6300

                                                *Attorneys for Defendants-Appellees*